RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE  11/27/07
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION<br>NO. CR98-10030-01 |
| VERSUS | |
| EARL DAVIS VEAL | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255 by pro se petitioner Earl Davis Veal ("Veal"). Veal is contesting the validity of his conviction and sentence from a guilty plea entered pursuant to a plea agreement in the United States District Court for the Western District of Louisiana, Alexandria Division in July 1999, on charges of possession with intent to distribute cocaine base, use of a firearm during and in relation to a drug trafficking crime, and forfeiture. Veal was initially sentenced to a total of 660 months imprisonment (Doc. Items 232, 254), but his sentence was reduced on June 27, 2002, on motion of the government pursuant to Rule 35, to a total of 330 months imprisonment (Doc. Item 268). Veal raises the following issues for review in his motion:

> 1. Veal contends he was denied his constitutional right to appeal his sentence due to counsel's failure to file the appeal he requested and/or counsel's failure to consult with Veal regarding an appeal.

    2. Veal contends he was denied his Sixth Amendment right to the effective assistance of counsel.

    3. Veal contends his guilty plea is invalid because it was entered while his counsel had a conflict of interest.

As his fourth "ground" for relief, Veal requests an evidentiary hearing on these issues.[1] Veal also filed an affidavit in support of his motion (Doc. Item 304). For relief, Veal asks the court to reinstate his right to appeal or to set aside his sentence.

<u>Veal's Motion is Untimely</u>

    The record shows Veal's motion should be dismissed as untimely under 28 U.S.C. § 2255.

    A motion by a federal prisoner for post conviction relief under Section 2255 is subject to a one-year time limitation which general runs from the date on which the judgment of conviction becomes final. <u>Clay v. U.S.</u>, 537 U.S. 522, 524, 123 S.Ct. 1072, 1074 (2003). Section 2255 provides, in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>     (1) the date on which the judgment of conviction

---

[1] This motion is before the undersigned Magistrate Judge for initial review. See 28 U.S.C. § 2255 and Rule 4(b) of the Federal Rules Governing Section 2255 Proceedings For the United States District Courts, which states in part, "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate."

2

```
becomes final;
     (2) the date on which the impediment to making a
motion created by governmental action in violation of the
Constitution or laws of the United States is removed, if
the movant was prevented from making a motion by such
governmental action;
     (3) the date on which the right asserted was
initially recognized by the Supreme Court, if that right
has been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review;
or
     (4) the date on which the facts supporting the claim
or claims presented could have been discovered through
the exercise of due diligence.
```

Veal was convicted on July 19, 1999 (Doc. Item 160), sentenced on February 25, 2000, and his sentence was reduced pursuant to Rule 35 on June 27, 2002.  Veal did not file an appeal, and filed his Section 2255 motion on May 11, 2007 (Doc. Item 304).

Veal has not alleged any government-created impediments to bringing his motion, nor has he asserted a newly recognized and retroactively applicable right or that the facts supporting his claims were only discoverable within the last year.  Instead, Veal alleges, essentially, that his first attorney had a conflict of interest - a fact Veal realized since he fired him and obtained court-appointed counsel in 1999, and that his second attorney failed to file an appeal on his behalf - a fact Veal undoubtedly was aware of before 2007.  Since more than five years passed between the time Veal was resentenced and the filing of this motion, consideration of Veal's Section 2255 motion is barred under the one year limitation period set forth above.

Therefore, Veal's Section 2255 motion should be dismissed with

prejudice.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Veal's Section 2255 motion be DISMISSED WITH PREJUDICE AS UNTIMELY.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 27th day of November, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE